UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW NICKOLAUS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01514-TWP-DKL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Motion for Relief Pursuant to
28 U.S.C. § 2255 and Denying Certificate of Appealability**

**I. The 28 U.S.C. § 2255 Motion**

**A. Background**

Andrew Nickolaus was convicted of distribution and receiving child pornography and of possessing child pornography in No. 1:12-cr-93-TWP-MJD-1. His convictions were based on his plea of guilty pursuant to the terms of a plea agreement he had reached with the United States. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), Nickolaus agreed to plead guilty to the Information, and among other conditions, the government agreed not ask for a sentence above 327 months, and the defendant will not request a sentence below 60 months. Both parties agree to a lifetime-term of supervised release with specified special conditions of supervision.

The court accepted Nickolaus' plea, finding that it complied with the requisites of Rule 11 of the *Federal Rules of Criminal Procedure.* In doing so, the court found that Nickolaus was entering his plea of guilty knowingly and voluntarily and that he understood the consequences of his plea. On March 7, 2013, Nickolaus was sentenced to concurrent terms of 210 months and 87 months imprisonment. Among other provisions, the plea agreement provided that Nickolaus waived his right to appeal his conviction and sentence and expressly agreed not to contest, or seek

to modify, his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under 28 U.S.C. ' 2255.

### B. Discussion

A motion pursuant to 28 U.S.C. § 2255(a) is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). Nickolaus filed such a motion on September 25, 2015. The United States argues that Nickolaus' motion is time-barred and that, apart from this, he is not entitled to relief.

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions, 28 U.S.C. § 2255(f). For purposes of § 2255(f) (1), that period runs from "the date on which the judgment of conviction becomes final." A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003).

Nickolaus' judgment of conviction was entered on the clerk's docket on March 13, 2013. Although no timely notice of appeal was filed, Nickolaus' filing of December 16, 2013 was treated as a notice of appeal and was ultimately dismissed as untimely.

The last day on which Nickolaus could have filed a timely notice of appeal was March 27, 2013, and this was the date his conviction became final. Nickolaus thus had one year, through March 27, 2014, in which to file a § 2255 motion. His motion was signed on September 17, 2015, and that is the earliest date the motion can be considered to have been filed. Thus, the § 2255 motion was filed 18 months after the expiration of the applicable statute of limitations. Nickolaus has not argued otherwise and has not attempted to show circumstances which could prevent his motion from being dismissed as untimely.

The United States also argues that Nickolaus' motion is barred by the waiver provision in

the plea agreement. The Seventh Circuit has recognized the validity of waivers such as that included in the plea agreement in this case. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States,* 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which 1) "the plea agreement was involuntary," 2) "the district court relied on a constitutionally impermissible factor (such as race)," 3) "the sentence exceeded the statutory maximum," or 4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *see also Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief); *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver").

In *Mason,* 211 F.3d at 1069, the court suggested the following analysis in determining whether a claim has been waived: "[C]an the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?" *Id.*

Nickolaus has not shown that his plea agreement was not knowingly and voluntarily made. As with the statute of limitations argument, Nickolaus has not opposed the United States' argument that the waiver provision in the plea agreement precludes relief here.

Finally, Nickolaus fails to present a credible claim that he was denied the effective assistance of counsel. To establish constitutionally ineffective assistance of counsel, Dillard must

show that (1) his trial attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984). Nickolaus' claim of ineffective assistance is meritless.

### C. Conclusion

The records and file in this action and in the underlying criminal action show that Nickolaus is not entitled to the relief he seeks. Accordingly, his motion for relief pursuant to § 2255 is **denied**, and this action must be dismissed with prejudice.

Judgment consistent with this Entry shall now issue.

This Entry shall also be docketed in the underlying criminal action.

### II. Certificate of Appealability

The court also finds that Nickolaus has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court therefore denies a certificate of appealability.

IT IS SO ORDERED.

Date: 6/14/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

ANDREW NICKOLAUS
10457-028
ASHLAND FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6001
ASHLAND, KY 41105